## HARRY ASKEW v. STATE.

No. A-7147.   Opinion Filed March 8, 1930.
(287 Pac. 815.)

R. C. Roland, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Marshall county on a charge of assault with intent to kill and his punishment fixed by a jury at imprisonment for five years in the reformatory at Granite.   It is from this conviction that he appeals.

The evidence of the state reveals that on the 30th day of January, 1927, the date of the commission of this crime, the defendant and one Orville Brown attended a party

at the home of Bud Hattock; that during the early part of the evening the defendant came into the house and up to where Brown was sitting and asked him if he had not told certain parties that he (the defendant) was afraid of Walter Adamson; that the prosecuting witness, Brown, admitted that he had, and the defendant said, "You are a God damn liar." Whereupon the prosecuting witness grabbed the defendant and a short fight ensued, and they were separated by other persons at the party.

The evidence further discloses that the father-in-law of defendant told Brown and defendant that if they wanted to fight to go outdoors and fight, and that the defendant went out at one door and Brown went into another room and through the room out another door; that about the time the prosecuting witness passed through the door onto the porch, the defendant shot him with a pistol; that no words were spoken before the shot was fired; that the shot entered his body on the left side of his chest and came out on the left side of the back.

The defendant claims that he shot in self-defense; that he saw the defendant coming out the door and thought he saw a knife in his hand, and believing that the defendant was following him to do him material injury and bodily harm, he fired the shot. The defendant is not corroborated in any of his testimony, he alone taking the stand in his behalf. The evidence of the prosecuting witness is corroborated in every respect by a number of state's witnesses.

The shooting was admitted by defendant, but he sought to justify the same on the ground of self-defense. This issue was fairly submitted to the jury and they found against the defendant. There being sufficient evidence in

the record to support the verdict the court did not err in overruling the motion for new trial.

The defendant next complains of instruction No. 10, which is as follows:

"You are further instructed that if you believe from the evidence or entertain a reasonable doubt thereof, that at the time and place mentioned in the information that Orville Brown made an assault upon the defendant, Harry Askew, and that a difficulty thereupon ensued, and that difficulty was terminated and the said Orville Brown abandoned the difficulty, and if you further believe that after said Orville Brown had abandoned said difficulty, the said Harry Askew shot said Orville Brown without any further acts or demonstrations upon the part of said Orville Brown towards said Harry Askew, then the said defendant, Harry Askew, could not avail himself of the plea of self-defense, and if he shot said Orville Brown under these circumstances, he would be guilty of either an assault with intent to kill or an assault with intent to do bodily harm without justifiable or excusable cause, as you may find the other facts to be, under other paragraphs of these instructions."

The court also gave instruction No. 15, which is as follows:

"You are instructed if you find and believe, or have a reasonable doubt thereof, that the defendant, Harry Askew, abandoned the difficulty and went out upon the porch, and that Orville Brown pursued and renewed the conflict by doing some act or acts, which lead the defendant, situated as he was, to believe that Orville Brown was about to do him some bodily harm, as viewed from the standpoint of the defendant, then you are instructed that the defendant would have the right to use such force as reasonably appeared to him to protect himself from the assault, whether same was real or apparent on the part of the said Orville Brown as it appeared to the defendant

at the time, to be necessary to prevent the said Orville Brown from doing him great bodily harm."

Instruction No. 10 should have contained the further statement, "and if the defendant knew that the prosecuting witness had abandoned the conflict"; but in the light of the record we are unable to see how the defendant was prejudiced by leaving this statement out of such instruction. It appears from the record that the defendant was the aggressor in the beginning of the difficulty; that he went to the prosecuting witness and began an argument and called the prosecuting witness "a god damn liar," and when the prosecuting witness grabbed defendant, he struck him; that as the prosecuting witness put on his hat and coat to leave, defendant attempted to assault him again. Thereupon the parties were told that if they wanted to fight to go out in the yard; that defendant went out of one door, and as the prosecuting witness had his hand on the screen to go out of another door, defendant shot him.

Under the facts as thus disclosed, the defendant appears to have been the aggressor, and the instructions were as favorable to the defendant as he was entitled to have given. The defendant had a fair trial, the evidence sustains the verdict of the jury, and the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.